UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICK OLSEN, on behalf of himself and all others similarly situated, | |
| Plaintiff, | NO. |
| vs. | **COMPLAINT—CLASS ACTION** |
| NORTH HOMES REALTY, INC. D/B/A CENTURY 21 NORTH HOMES REALTY, INC. and ROBERT DOWELL, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Patrick Olsen, individually and on behalf of others similarly situated, brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against Defendants North Homes Realty, Inc. d/b/a Century 21 North Homes Realty, Inc. ("North Homes Realty") and Robert Dowell (together "Defendants").

## I. NATURE OF ACTION

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million

COMPLAINT—CLASS ACTION - 1

Turke & Strauss LLP
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. North Homes Realty provides real estate listing services in Washington and Oregon and uses agents to generate new business. These North Homes Realty agents engage in unsolicited telemarketing calls to consumers like Plaintiff, including those that have their telephone numbers registered with the National Do Not Call Registry.

3. Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA, alleging that North Homes Realty violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent.

4. These calls were made in the absence of an adequate "do not call" policy or training, as evidenced by calls to individuals, including Plaintiff, who have taken the affirmative step of registering their number on the National Do Not Call Registry.

5. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from, or on behalf of, Defendant.

6. A class action is the best means of obtaining redress for Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## II. JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. §227.

COMPLAINT—CLASS ACTION - 2

8. This Court has personal jurisdiction over North Homes Realty and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant North Homes Realty resides in this District and is a corporation registered in the State of Washington and Defendant Robert Dowell is a realtor with North Homes Realty located it its office in this District.

### III.  PARTIES

9. Plaintiff Patrick Olsen resides in the State of Washington and within this District, as he did at all relevant times during the conduct alleged in this Complaint.

10. Defendant North Homes Realty, Inc. d/b/a Century 21 North Homes Realty, Inc. is a Washington corporation located in this District.

11. Defendant Robert Dowell is a realtor with North Homes Realty. He is based in Lynwood, Washington, and is employed by Defendant North Homes Realty, Inc. d/b/a Century 21 North Homes Realty, Inc.

### IV.  TCPA BACKGROUND

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**A.    The TCPA Prohibits Calls to the Telephone Numbers Listed on the National Do Not Call Registry**

13. The TCPA also prohibits make multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

COMPLAINT—CLASS ACTION - 3

Turke & Strauss LLP
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

15. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the National Do Not Call Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B.     Automated Telemarketing is a Growing Problem**

17. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting Off Robocalls* (July 22, 2016), https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls (statement of FCC chairman) (last visited June 10, 2021).

18. In fiscal year 2017, the FTC received 4,501,967 complaints about robocalls, compared with 3,401,614 in 2016. Federal Trade Commission, *FTC Releases FY 2017 National Do Not Call Registry Data Book and DNC Mini Site* (Dec. 18, 2017), https://www.ftc.gov/news-events/press-releases/2017/12/ftc-releases-fy-2017-national-do-not-call-registry-data-book-dnc (last visited June 10, 2021).

19. For example, according to online robocall tracking service "YouMail," 4.9 billion robocalls were placed in March 2021 at a rate of 159.4 million per day. www.robocallindex.com (last visited June 10, 2021). In 2019, nearly 60 billion robocalls were made, and in 2020, over 45 billion robocalls were made. *See id.*

20. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, 232,000 complaints in 2018, 191,761 complaints in 2019, and 155,167 complaints in 2020. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data (last visited June 10, 2021).

COMPLAINT—CLASS ACTION - 4

**TURKE & STRAUSS LLP**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

## V. FACTUAL ALLEGATIONS

**A.     Factual Allegations Regarding Defendants**

21.     Defendant North Homes Realty is a Washington corporation with its principal place of business at 1133 164th Street SW, Suites 102, 105 and 109, Lynnwood, Washington.

22.     North Homes Realty is a Century 21 real estate office that provides services to clients who are buying or selling real estate. *See* https://www.century21.com/real-estate-office/profile/century-21-north-homes-realty-10016203 (last visited June 8, 2021).

23.     North Homes Realty has 46 real estate agents, including Defendant Robert Dowell. *Id.*

24.     Mr. Dowell is a Real Estate Broker/Realtor at North Homes Realty in Washington and has held that position since June 2012. *See, e.g.,* https://www.linkedin.com/in/robdowell/ (last visited June 8, 2021).

25.     Mr. Dowell can be contacted at a Century 21 email address: Robert.dowell@century21.com. *Id.*

26.     Mr. Dowell's website, myfavoritenwbroker.com, directs to his North Homes Realty branded webpage, which features his photo, contact information, listings, and recent sales. *See* https://www.snohomishrealtygroup.com/ (last visited June 8, 2021).

27.     Mr. Dowell's business page on Facebook states: "Put Robert's Energy & the Marketing Power of Century 21 North Homes Brokerage to work for you… I'll help you make your real estate goals a reality with my skills and the Marketing Power of Century 21 North Homes." *See* https://www.facebook.com/RealtorRobSeattle/about/?ref=page_internal (last visited June 8, 2021).

**B.     Factual Allegations Regarding Plaintiff**

28.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

COMPLAINT—CLASS ACTION - 5

**TURKE & STRAUSS LLP**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

29. Plaintiff's telephone number, (XXX) XXX-0803, is a non-commercial telephone number not associated with any business and is used for personal residential purposes only.

30. Plaintiff's telephone number, (XXX) XXX-0803, has been registered on the National Do Not Call Registry since 2003.

31. Plaintiff has never been a North Homes Realty customer or subscriber and has never consented to receive calls from North Homes Realty.

32. Despite this, Plaintiff received at least four solicitation calls from Mr. Dowell from approximately May 2020 through August 2020, including on August 11, 2020.

33. On the calls, Mr. Dowell offered Plaintiff North Homes Realty's services to list his home for sale.

34. Plaintiff repeatedly told Mr. Dowell that he was not interested and that the calls violated his telephone number's registration on the National Do Not Call Registry.

35. Plaintiff is not the only person receiving illegal telephone solicitations from North Homes Realty.

## VI. NORTH HOMES REALTY'S LIABILITY FOR MR. DOWELL'S CONDUCT

36. The Federal Communication Commission ("FCC") is tasked with promulgating rules and orders related to enforcement of the TCPA. *See* 47 U.S.C. 227(b)(2).

37. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 F.C.C. Rcd 12391, 12397 (¶ 13) (1995).

38. In its January 4, 2008, ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. *Id.* (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

COMPLAINT—CLASS ACTION - 6

TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

39. On May 9, 2013, the FCC confirmed this principle in a Declaratory Ruling holding that sellers such as North Homes Realty may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy.

*May 2013 FCC Ruling*, 28 F.C.C. Rcd at 6588 (¶ 37) (internal citations omitted).

40. More specifically, the May 2013 FCC Ruling held that, even in the absence of evidence of a formal contractual relationship between the seller and the telemarketer, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. 28 F.C.C. Rcd at 6586 (¶ 34).

41. The May 2013 FCC Ruling further clarifies the circumstances under which a telemarketer has apparent authority:

> [A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant. It may also be persuasive that the seller approved, wrote or reviewed the outside entity's telemarketing scripts. Finally, a seller would be responsible under the TCPA for the unauthorized conduct of a

COMPLAINT—CLASS ACTION - 7

TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

> third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct.

28 F.C.C. Rcd at 6592 (¶ 46).

42. North Homes Realty knowingly and actively accepted business that originated through the illegal telemarketing calls from Mr. Dowell.

43. North Homes Realty had the ability to identify the fact that Mr. Dowell was calling individuals on the National Do Not Call Registry.

44. Moreover, North Homes Realty maintained interim control over the actions of Mr. Dowell, who holds himself out as an employee and/or agent of North Homes Realty.

45. For example, North Homes Realty had absolute control over whether, and under what circumstances, it would accept a customer.

46. North Homes Realty also restricted the geographic regions its agents could call.

47. North Homes Realty provided strict instructions to its agents on the ability and what circumstances it could utilize the Century 21 trade name.

48. North Homes Realty had also received prior complaints related to its agents making calls to individuals on the National Do Not Call Registry.

TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

49. For example, one individual complained that North Homes Realty repeatedly made solicitation phone calls to his sister despite her not even owning a home in the area where North Homes Realty operates.




https://goo.gl/maps/6GwZH2Kwf3WnGZ6i8 (last visited June 10, 2021).

50. Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *Id.* at 6592-593 (¶ 46). Moreover, evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 (¶ 46).

## VII. CLASS ACTION ALLEGATIONS

51. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following class:

TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

> All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received two or more telemarketing call from or on behalf of Defendants, (3) within a 12-month period, (4) who had previously asked for the calls to stop or had not had a business relationship with the Defendants for at least 18 months or who had not inquired about Defendants' services within the 3 months preceding the call (5) at any time in the period that begins four years before the date of filing this Complaint to trial.

52. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against either Defendant has been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

53. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

54. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a. whether North Homes Realty and Mr. Dowell systematically made multiple telephone calls to Plaintiff and other consumers whose telephone numbers were registered with the National Do Not Call Registry;

   b. whether North Homes Realty and Mr. Dowell made calls to Plaintiff and other consumers without first obtaining prior express written consent to make the calls;

COMPLAINT—CLASS ACTION - 10

TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

   c. whether North Homes Realty's and Mr. Dowell's conduct constitutes a violation of the TCPA; and

   d. whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

  55. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and the Defendants have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

  56. **Appropriateness**: This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227**

  57. Plaintiff repeats and realleges the paragraphs of this Complaint and incorporates them by reference herein.

COMPLAINT—CLASS ACTION - 11

TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

58. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

59. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

60. Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

61. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one telephone call in a 12-month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

62. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and members of the Class.

TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

## VIII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiff and the Class;

E. An order declaring that Defendants' actions violated the TCPA;

F. An injunction requiring Defendants to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

G. Such further and other relief as the Court deems just and proper.

## IX.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 10th day of June, 2021.

TURKE & STRAUSS LLP

By: /s/ Samuel J. Strauss, WSBA #46971
Samuel J. Strauss, WSBA #46971
Email: sam@turkestrauss.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

*Attorneys for Plaintiff*

COMPLAINT—CLASS ACTION - 13

**TURKE & STRAUSS LLP**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com